**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHEN KANE SR. AND THOMAS KANE,**<br>*Plaintiffs,*<br><br>**v.**<br><br>**KEVIN SCHNALL AND COASTAL CAROLINA UNIVERSITY,**<br>*Defendants.* | **CIVIL ACTION**<br><br>**NO. 26-3181** |

**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS**

**BAYLSON, J.** **August 18, 2026**

## I. INTRODUCTION

Plaintiffs Stephen Kane, Sr. and Thomas Kane (collectively, "Plaintiffs") bring claims for promissory estoppel and breach of implied contract against Defendants Kevin Schnall and Coastal Carolina University (collectively, "Defendants"). ECF 1, Notice of Removal, Ex. B "Compl." Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 8, "Mot." For the following reasons, the Motion is **GRANTED** without prejudice and with leave to amend.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The parties include Thomas Kane, who during the time period relevant to the Complaint was a prospective collegiate baseball player; Stephen Kane, the father of Thomas Kane; Kevin Schnall, baseball coach at Coastal Carolina University; and Coastal Carolina University. Compl. ¶¶ 1–2, 5. On November 10, 2022, Thomas Kane and Stephen Kane signed a National Letter of Intent offered by Defendants, thereby committing Thomas Kane to play baseball and attend Coastal Carolina University for the 2022-23 school year. Id. ¶ 5. As part of this agreement,

Thomas Kane was required to stop communicating with other college baseball recruiters. Id. ¶ 10. On the same day, Thomas Kane also signed a Financial Aid Agreement which included a tuition grant of $14,950, books, and a miscellaneous stipend of $250. Id. ¶ 7. On November 16, 2021, Coastal Carolina University notified Thomas Kane that he would also receive a transfer scholar award of $4,110 per academic year. Id. ¶ 8. Thomas Kane was accepted to attend Coastal Carolina University on June 30, 2022. Id. ¶ 9. Approximately three weeks before attending Coastal Carolina, around August 1, 2022, Thomas Kane alleges that Kevin Schnall called him to inform him that he would no longer be playing baseball for Coastal Carolina and that had to "de-commit" from the team, which he did around August 15, 2022. Id. ¶¶ 11–12. Thomas Kane alleges that he attempted to get recruited to other Division 1 college baseball teams with discounted tuition but was unsuccessful. Id. ¶¶ 13–15. Around August 22, 2022, he accepted a walk-on offer from the University of Maryland, which guaranteed a spot on the team but without scholarship. Id. ¶ 16. Thomas Kane alleges to have paid full out-of-state tuition of $61,377 and $2,000 per month for housing. Id. ¶¶ 16–20, 30.

On April 4, 2024, Plaintiff Stephen Kane filed a Praecipe for Writ of Summons and a Writ of Summons in the Court of Common Pleas of Delaware County, Pennsylvania, naming himself as plaintiff and Kevin Schnall, Coastal Carolina University, the Sun Belt Conference, and the NCAA as defendants. ECF 1, Notice of Removal, Ex. A "Writ of Summons." Two years later, on April 7, 2026, Plaintiffs filed the Complaint in the same court, naming Stephen Kane and Thomas Kane as Plaintiffs and Kevin Schnall and Coastal Carolina University as Defendants. Compl. Defendants removed the case from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania on May 11, 2026. Notice of Removal. Defendants filed this Motion to Dismiss on May 18, 2026. Mot. Plaintiffs filed their

Response in Opposition on June 9, 2026. ECF 10, "Opp." Defendants filed their Reply Brief on June 23, 2026. ECF 14, "Reply." There is no motion to remand present.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts all facts alleged in Plaintiff's Complaint as true and in determining whether Plaintiff has stated a plausible claim, draws all reasonable inferences in Plaintiff's favor. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). While the Court "construe[s] ... pro se filings liberally[,]" Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## IV. PARTIES' CONTENTIONS

### A. Defendants' Motion to Dismiss

Defendants argue that the four-year statute of limitations period began on Nov 10, 2021, the date the Letter of Intent was signed. Mot. at 6. Thus, Defendants argue that the statute of limitations period ended on November 10, 2025. Id. As the Complaint was filed after this date and Thomas Kane was not listed on the Praecipe for Writ of Summons,[1] Defendants argue that the statute of limitations cannot be tolled as to Thomas Kane and his claims must be dismissed. Id. at 7.

[1] If a praecipe for a writ of summons is filed, the statute of limitations against a defendant who has been properly served is tolled regardless of when the complaint is filed. Ferraro v. Patterson-Erie Corp., 313 A.3d 987, 1008 (Pa. 2024).

Defendants further contend that Plaintiffs fail to state a claim under Rule 12(b)(6) for three reasons. Id. First, since Plaintiffs acknowledge that there are express written contracts governing the parties, but they do not plead a claim for breach of express contract, Defendants argue that they cannot pursue claims for promissory estoppel and breach of an implied contract. Id. at 8–9. Second, Defendants argue the promissory estoppel claim fails because no promise was made to Stephen Kane and, as to Thomas Kane, the alleged conduct did not result in an injustice because Thomas Kane later accepted a walk-on position.[2] Id. at 9–11. Third, Defendants contend that the implied contract claim fails because Stephen Kane signed the Letter of Intent only as Thomas Kane's parent, creating no independent contractual duty, and because Thomas Kane seeks damages, including emotional distress and sentimental value, that are unavailable in contract actions. Id. at 11–13.

Defendants contend that the Plaintiffs fail to state a claim against Kevin Schnall because he was acting on behalf of the university and did not make a promise to either Plaintiff. Id. at 14.

Finally, Defendants argue that punitive damages are unavailable because Pennsylvania law does not permit punitive damages for promissory estoppel or breach of contract claims. Id. at 15.

**B. Plaintiff's Response in Opposition[3]**

In response, Plaintiffs contend that their claims are not time barred because the use of the plural Plaintiff(s) on the Writ of Summons illustrated their intent for there to be more than one plaintiff in the suit. Opp. at 2. Plaintiffs further contend that the Complaint states a claim under Rule 12(b)(6) because the National Letter of Intent was a binding contract and that the Letter of

[2] Thomas Kane was ultimately drafted by the MLB San Francisco Giants in July of 2023. Compl. ¶ 21.

[3] In their Response in Opposition, Plaintiffs requested the Court stay the case until the Court of Common Pleas rules on their Petition to Amend the Complaint to seek only $50,000 in damages so that the case can remain in state court and proceed to arbitration. Opp. at 1. Under 28 U.S.C. § 1446(d), after a case is removed to federal court "the State court shall proceed no further unless and until the case is remanded." A motion to remand has not been filed in this Court. Thus, the Court disregards this request.

Intent was clear that Thomas Kane would play baseball for Coastal Carolina University and would stop communication with other recruiters. Id. at 2. Plaintiffs argue that they state a claim against Kevin Schnall because he offered Letter of Intent to Plaintiffs, acting on behalf of Coastal Carolina. Id. at 2. Plaintiff asserts that punitive damages are recoverable when fraud has occurred, and that Kevin Schnall committed fraud in his actions. Id. at 3.

**C. Defendants' Reply Brief**

Defendants disagree with Plaintiff's argument that the plural Plaintiff(s) on the Writ of Summons means that the Writ was filed on behalf of Thomas Kane. Reply at 2. Defendants further argue that Plaintiffs do not state a claim as Plaintiffs admission that the Letter of Intent was a binding contract supports Defendants' argument that Plaintiffs' quasi-contract claims fail. Id. at 2. Regarding Mr. Kevin Schnall, Defendants reiterate that the only reference to Kevin Schnall in the Complaint is the alleged phone call. Id. at 3. Lastly, Defendants note that Plaintiffs did not plead fraud in the Complaint. Id.

## V. DISCUSSION

**A. Plaintiff Thomas Kane's Claims Are Not Time Barred**

There is a four-year statute of limitations period for breach of implied contract and promissory estoppel claims. See W. Chester Univ. Found. v. MetLife Ins. Co. of Connecticut, 259 F. Supp. 3d 211, 216 (E.D. Pa. 2017) (Jones, II, J.). "Generally, an action founded on a contract accrues when the contract is breached." Sadtler v. Jackson-Cross Co., 402 Pa. Super. 492, 499 (1991). In this case, the date of the alleged breach would be August 1, 2022, the date Plaintiffs allege Kevin Schnall called Thomas Kane to inform him that he would no longer be playing baseball at Coastal Carolina. Compl. ¶ 11. Thus, the four-year statute of limitations period would

have expired August 1, 2026. Since the Complaint was filed before that date on April 7, 2026, the claims are not barred by the applicable statute of limitations.

**B. Plaintiffs Fail to State a Claim Under Rule 12(b)(6)**

**1. Plaintiffs Brings Quasi-Contract and Implied Contract Claims While Acknowledging the Existence of an Express Written Contract Governing the Parties**

"A quasi contract … imposes a duty … in spite of the absence of an agreement when one party receives an unjust enrichment at the expense of another. A contract implied in fact is an actual contract arising when there is an agreement, but the parties intentions are inferred from their conduct in light of the circumstances." Lugo v. Farmers Pride, Inc., 967 A.2d 963, 970 (Pa. Super. Ct. 2009). Under Pennsylvania law, promissory estoppel applies only where there is no binding contract, and a plaintiff may not recover under quasi-contract where an adequate legal remedy exists. Constar, Inc. v. Nat'l Distribution Centers, Inc., 101 F. Supp. 2d 319, 323 (E.D. Pa. 2000) (Kelly, J.). Although Federal Rule of Civil Procedure 8(d)(3) permits a party to plead inconsistent claims in the alternative, courts permit contract and quasi-contract claims to proceed simultaneously only when the existence, validity, or enforceability of the alleged contract is disputed. AmerisourceBergen Drug Corp. v. Allscripts Healthcare, LLC, No. 10-6087, 2011 WL 3241356, at *3 (E.D. Pa. July 29, 2011) (Jones II, J.).

Plaintiffs do not bring a claim for breach of express contract in the Complaint despite acknowledging that the National Letter of Intent was a signed and binding contract agreement between the parties. Compl. ¶ 5. Plaintiffs cannot allege quasi-contract and implied contract claims without pleading them in the alternative to a breach of express contract claim or alleging facts that place the contract's enforceability in dispute. Accordingly, dismissal is warranted.

**2. Plaintiffs Fail to State a Claim for Promissory Estoppel**

To properly plead a claim for promissory estoppel, a plaintiff must allege that: "(1) the promisor made a promise that he should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." Shoemaker v. Commonwealth Bank, 700 A.2d 1003, 1006 (Pa. Super. Ct. 1997).

**i. Plaintiff Stephen Kane**

Stephen Kane's promissory estoppel claim fails because the Complaint does not allege a promise made to him by Defendants as the offer was made to his son, Thomas Kane.

**ii. Plaintiff Thomas Kane**

Thomas Kane properly alleges that Defendants offered him the opportunity to play baseball at Coastal Carolina. Compl. ¶ 5. Plaintiff alleges to have relied on the Letter of Intent and stopped communication with all other teams. Compl. ¶ 10. The later walk-on opportunity does not eliminate Thomas Kane's lost scholarship opportunities, lost negotiating leverage, or reliance damages. However, as stated above, promissory estoppel is an alternative remedy for when there is no binding contract between the parties.

**3. Plaintiffs Fail to State a Claim for Breach of Implied Contract**

A breach of implied contract claim requires a plaintiff to allege: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract[,] and (3) resultant damages.'" ATG Tr. Co. v. Schlichtmann, 314 F. Supp. 3d 718, 725 (E.D. Pa. 2018) (Rufe, J.).

**i. Plaintiff Stephen Kane**

Stephen Kane does not properly allege that Defendants owed him duty as the Letter of Intent states that he was a signatory because Thomas Kane was under twenty-one years of age at the time of signing. Compl., Ex. B.

**ii. Plaintiff Thomas Kane**

Thomas Kane adequately alleges the existence of a contract, breach, and damages. However, as above, Plaintiff cannot allege that there was an implied contract while acknowledging an express written contract signed by the parties.

**C. Plaintiffs Fail to State a Claim Against Kevin Schnall**

Plaintiffs must allege facts necessary to make out each element of each claim they assert against each Defendant. In re NCB Mgmt. Servs., Inc. Data Breach Litig., 748 F. Supp. 3d 262, 273 (E.D. Pa. 2024) (Scott, J.). The only reference to Kevin Schnall in the Complaint was the alleged phone call to Thomas Kane by Kevin Schnall.

**D. Punitive Damages Are Not Recoverable**

Punitive damages cannot be awarded for promissory estoppel or breach of contract. See Greenwald Caterers Inc. v. Lancaster Host, LLC, 599 F. Supp. 3d 235, 253 (E.D. Pa. 2022) (Smith, J.). Punitive damages are recoverable for fraud if it is alleged that "acts of malice, vindictiveness and a wholly wanton disregard of the rights of others" have occurred. Johnson v. Mazada, LLC, No. CV 24-961, 2024 WL 4700621, at *2 (E.D. Pa. Nov. 6, 2024) (McHugh, J.). However, Plaintiffs did not bring a count for fraud in the Complaint and first mentioned fraud in their Response to the Motion to Dismiss. If Plaintiffs choose to amend the Complaint to assert a claim under which punitive damages are legally recoverable, they may seek such relief at that time.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** without prejudice and with leave to amend.[4] An appropriate **ORDER** follows.

\\adu.dcn\paed\phl-data\judge_baylson\civil 26\26-3181 kane v. schnall\26-3181 memo re def. mtd.docx

[4] The Court strongly suggests that Plaintiffs attempt to secure counsel to prepare an amended complaint.